# EXHIBIT B



MAISON FONDÉE EN 1854



July 12, 2016

*Via* **Overnight Delivery**

Leona Smith
Intake Supervisor
Equal Employment Opportunity Commission
AJC Fed Bldg
1240 E. 9th St., Ste 3001
Cleveland, OH 44199

      Re:  **Angelene M. Hayes v. Louis Vuitton USA Inc.**
           **(No.: 532-2016-01402)**

Dear Ms. Smith:

This Statement of Position and accompanying documents sets forth the position of Respondent Louis Vuitton USA Inc. ("Louis Vuitton" or the "Company"), in response to the above referenced Charge filed by Angelene M. Hayes ("Ms. Hayes").

### I.  Charge of Discrimination

Ms. Hayes is a former employee of Louis Vuitton who alleges that she applied for employment with the Company in November 2015, however, Louis Vuitton has no record of an employment application for Ms. Hayes in 2015 or 2016. Because Ms. Hayes cannot bring a failure to hire claim against the Company for a job she never applied to, this Charge lacks both factual and legal merit and should be dismissed in its entirety.

### II.  Factual Background

#### A.  Overview of Louis Vuitton and its Cleveland Store

Louis Vuitton is a luxury fashion and leather goods company with headquarters in New York, New York. Ms. Hayes alleges she applied for employment at the Louis Vuitton Store located at 26100 Cedar Road, Beachwood Place Mall, Beachwood, Ohio 44122 ("Cleveland store").

The Cleveland store is currently managed by Store Manager, Hope Frate, who is responsible for all aspects of the store. Ms. Frate is supported by specialty managers. The various managers are supported by Client Advisors assigned to their areas.

The Company does not tolerate discrimination or harassment and maintains clear policies against discrimination, harassment and retaliation.[1] Those policies are set forth in the Company's Employee Handbook (*See,* Exhibit A, "A Commitment to Equal Employment Opportunity" and "Non-Harassment Policy" excerpts from pgs. 2-3 and 46-50 of the Employee Handbook).[2] As stated in the Employee Handbook, these policies apply "to all terms and conditions of employment, including but not limited to, hiring. . . ." (*See* Exhibit A, pgs. 2-3).

---

[1] Louis Vuitton's Non-Harassment Policy provides, in pertinent part:

> The Company is committed to a collegial work environment in which all individuals are treated with respect and dignity and requires that all relationships among persons in the office will be business-like and free of bias, prejudice and harassment. Each individual has the right to work in a professional atmosphere that promotes equal opportunities and prohibits discriminatory practices, including sexual harassment and harassment based upon race, color, sex, national origin, religion, disability, age, gender, disability, ancestry, medical condition, marital status, covered veteran status, citizenship status, sexual orientation, genetic information or characteristics, or any other protected status of an individual or that individual's associates or relatives or any other protected characteristic. The Company also prohibits unlawful harassment based on the perception that anyone has any of those characteristics, or is associated with a person who has or is perceived as having any of those characteristics. All such harassment and any retaliation is unacceptable and will not be tolerated.
>
> This policy applies to all persons involved in the operation of the Company, including all men and women regardless of their position and prohibits unlawful harassment by any employee of the Company, including supervisors and managers, as well as vendors, customers, independent contractors and any other persons.

*See* Exhibit A, pgs. 46-50.

[2] The Employee Handbook further provides:

> The Company provides equal employment opportunities to all employees without regard to race, creed, color, national origin, sex, gender, religion, sexual orientation, marital status, physical or mental disability, age, covered veteran or disabled veteran status, citizenship status, medical condition, genetic information or family genetics or medical history, or any other basis protected by applicable federal, state, or local law. In addition, the Company prohibits unlawful discrimination based on the perception that anyone has any of those characteristics or is associated with a person who has or is perceived as having any of those characteristics. All such discrimination is unlawful and will not be tolerated. The Company complies with applicable federal, state and local laws governing non-discrimination in employment in every location in which it has employees.
>
> This policy applies to all terms and conditions of employment, including but not limited to, hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation and training. If you feel you have been discriminated against, you should report your complaint to your supervisor or to Human Resources. The Company does not tolerate discrimination of any kind, nor does it tolerate retaliation against an employee who has made a complaint of

### B. Ms. Hayes's Previous Employment with Louis Vuitton

Ms. Hayes was previously employed by Louis Vuitton from September 16, 2011 to June 30, 2012 at the Pittsburgh, Pennsylvania store. (*See,* Exhibit B, "Ms. Hayes's Personnel File"). Her position was "Accessory Specialist." Ms. Hayes voluntarily resigned from Louis Vuitton effective June 30, 2012 and was eligible for rehire. (*See,* Exhibit C, "Louis Vuitton Departure Report" and Exhibit D, "Notice of Resignation").

Louis Vuitton has no record of an employment application from Ms. Hayes in 2015 or 2016. Ms. Hayes works in the Saks Department store in the neighboring Chanel boutique. Similar to other Saks Department store employees, Ms. Hayes has casual conversations with other Saks employees in the store, including Louis Vuitton employees. Ms. Hayes was walking to the bathroom with Ms. Frate in approximately November 2015 and mentioned that she would be interested in a full-time position with Louis Vuitton. Ms. Frate informed Ms. Hayes that she only had part-time positions available at that time. Ms. Frate also explained that Ms. Hayes would need to obtain the approval of Saks and her manager at Chanel to apply for employment with Louis Vuitton because this was the protocol that Saks employees were requested to follow to apply for employment with Louis Vuitton. Ms. Hayes responded that she was not interested in part-time employment. Subsequently, Ms. Hayes did not apply for a position with Louis Vuitton.

In her Charge of Discrimination, Ms. Hayes makes reference to a "White male" being hired by the Company in November 2015. The Company hired Brad Paller in November 2015 for a *part-time* Client Advisor position. Mr. Paller applied for the position prior to November 2015. Accordingly, Louis Vuitton was in the hiring process with Mr. Paller prior to Ms. Hayes's conversation with Ms. Frate. Although Mr. Paller was previously an employee of the Saks Department store, Mr. Paller received approval from his previous manager at Saks and the Saks Department store manager prior to applying for the position with Louis Vuitton. As such, Mr. Paller followed the proper protocol during the application process. Further, it is worth noting that Mr. Paller had previous management experience contrary to Ms. Hayes's allegations in her Charge of Discrimination.

### III. Legal Discussion

---

discrimination in good faith or who assists or cooperates in the investigation of a complaint. When necessary, the Company will make reasonable accommodations for qualified individuals with disabilities, who are either applicants or employees, unless the accommodation will result in an undue hardship, in accordance with applicable law.

*See* Exhibit A, pgs. 2-3.

1047486.v2

Louis Vuitton denies that it discriminated against Ms. Hayes on the basis of her race, sex or any other basis. Therefore, Louis Vuitton respectfully requests that this Charge be dismissed.

Ms. Hayes has not—and cannot—establish a *prima facie* case of sex and/or race discrimination against Louis Vuitton. Under the well-established test enunciated in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), to establish a *prima facie* case of discrimination, Ms. Hayes must show by a preponderance of the evidence that: (1) she is a member of a protected class; (2) she was subject to an adverse employment action; (3) other similarly situated employees outside of her protected class were treated more favorably; and (4) she was qualified for the position. Specifically, Ms. Hayes never applied for a position with the Company in 2015 or 2016, and, as such, she never suffered an adverse action. Moreover, Ms. Hayes fails to identify any comparators who were treated more favorably than her.

## IV. Conclusion

Ms. Hayes's allegations of sex and race discrimination lack both factual and legal support. The Company has no record of Ms. Hayes's application for employment in 2015 or 2016. Louis Vuitton therefore requests that the Charge of Discrimination be dismissed in its entirety.

We appreciate your serious consideration of Louis Vuitton's position. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Tiffani L. McDonough
Senior Counsel, Employment and Compliance
(917) 281-2139
tiffani.mcdonough@louisvuitton.com

Enclosures

1047486.v2